T. H. SORGE, Plaintiff in Error,

v.

Elmer R. GRAHAM, Defendant in Error.

No. 37301.

Supreme Court of Oklahoma.

April 30, 1957.

Rehearing Denied July 9, 1957.

Wm. T. Powell, Walters, for plaintiff in error.

Funston Flanagan and Hubbell & Eubanks, Walters, for defendant in error.

DAVISON, Justice.

On the 29th day of March 1955, T. H. Sorge brought an action in the district court of Cotton County against defendant, Elmer R. Graham, for mandatory injunction to compel him to remove a levee or embankment erected by him upon his own premises which plaintiff in his first cause of action of his amended petition alleges controls the flow of water from excessive rain or floods and diverts the flow of the water from its natural course, confines it in a narrow channel and causes it to flow over and across his land in a greater volume and velocity than it did prior to the erection of the levee or embankment causing damage to his land and crops.

Plaintiff in a second cause of action alleges that in erecting the levee or embankment described in his first cause of action defendant removed quantities of dirt from the section line referred to in his first cause of action, which is a public road, and used the same in the construction of his levee or embankment and widened a drainage ditch constructed along said section line and that when water accumulates behind said levee or embankment it will prevent plaintiff from traveling said section line to and from his premises and that the court should require the defendant to refill said ditch and place it in the same condition it was prior to the time of his removal of the dirt therefrom.

The trial court at the conclusion of the evidence denied the injunction. Plaintiff appeals and contends that the judgment of the trial court is clearly against the weight of the evidence.

This cause is a companion case to the case of E. A. Horschler and Exa M. Horschler against this defendant where plaintiffs sought a mandatory injunction to compel defendant to remove the identical levee or embankment here involved on the ground that said embankment backed flood waters from Cache Creek upon their land causing damage to the land and crops growing thereon. The trial court denied the injunction. We affirmed the judgment on appeal. Horschler v. Graham, Okl., 306 P.2d 701.

It is stipulated that the evidence taken in that case may be considered as evidence in the case as far as applicable.

The evidence discloses that plaintiff is the owner of the Southwest Quarter of Section 19, Township 4 South, Range 10 West, and that he held an agricultural lease on the East Half of Section 24, Township 4 South, Range 11 West, for which he paid cash rent for the years 1955 and 1956; that the defendant is the owner of the Northwest Quarter of Section 30, Township 4 South, Range 11 West, and is also the owner of Section 25, Township 4 South, Range 11 West. The land of both parties is located in the valley of Cache Creek and lies on the west side of said creek. There is a section line running east and west between Section 24 and Section 25. Defendant constructed an embankment on the north side of Section 25, running east and west at a distance of about 3000 feet and thence extending from the east end thereof in a general southeasterly direction about 2000 feet. In the area involved Cache Creek flows in a general southeasterly direction. Endless Branch, an ordinarily dry stream, enters the Southeast Quarter of Section 24 near the northwest corner thereof, and runs in the southeasterly direction to about the center of the south line of said quarter section and then turns east and somewhat north and then runs in said direction across the quarter section owned by the plaintiff and turns south near the southeast corner thereof and joins Cache Creek near the northeast corner of the Northwest Quarter of Section 30. At this point where Endless Branch turns east and north, a branch or slough runs southeasterly across the Northeast Quarter of Section 24, and water flows down this avenue when Endless Branch is flowing. Practically all of the land involved in this section is bottom land, and is approximately level, except for small variations. Nearly all of this land is subject to overflow following heavy or excessive rains falling in the water shed of Cache Creek. Between the filing of this action in March 1955, and the date of the judgment in No-

vember 1955, two overflows occurred. One was in May and the other in September of 1955.

The evidence shows that when Cache Creek overflows the water in its natural course flows in a southeasterly direction across Section 24, thence across the section line between Sections 24 and 25 and on to defendant's land.

Plaintiff testified that the erection of the levee or embankment by defendant diverts the flow of the water from its natural course, confines it to a narrower channel and causes it to flow over and across his land in greater volume and at a greater velocity than it did prior to the erection of the levee or embankment thus causing damage to his land and crops growing thereon. Plaintiff in this respect is corroborated by the testimony of several other witnesses.

He further testified that during the year 1955 he had the major portion of his own land, as well as his leased land, planted in wheat. The wheat was about ready to harvest when the first overflow of the year 1955, above referred to, occurred. The flood washed and damaged his land to a certain extent and did considerable damage to his wheat crop. In some spots the flood water mashed the wheat to the ground and covered the heads with mud and made it impossible to harvest it. He, however, testified that the major portion of his crop was harvested. The portion which he harvested yielded about 12 bushels per acre and that the wheat tested about 53 pounds per bushel; that his wheat planted on higher ground and not affected by the flood yielded 20 bushels to the acre and tested 60 pounds to the bushel.

Plaintiff, however, admitted that his lands and crops had been to some extent damaged by flood waters flowing across the land occurring prior to the time defendant constructed his levee or embankment but testified that the damage was not as great as it was in the 1955 floods.

Plaintiff in support of his second cause of action testified that defendant in the erection of his levee or embankment removed large quantities of earth from the section line running east and west between Sections 24 and 25 which section line is a public highway and that when water accumulates behind the levee or embankment is causes the highway to be flooded and made impassible; that he uses this highway as a means of ingress and egress to his leased premises located in the southeast corner of Section 24. He further testified that since the construction of this levee or embankment by defendant excessive rains have caused the drainage ditch to become wider and will eventually destroy the roadbed and make it impossible to travel to and from his premises above mentioned.

Defendant concedes that he erected a levee or embankment along the north side of his land as above stated. He however testified that the erection thereof in his opinion has not and will not injure or damage either plaintiff's land or his crops growing thereon. He further testified that plaintiff's land and his leased premises above described were flooded by overflow water from Cache Creek on different occasions prior to the erection of said levee or embankment and caused considerable damage to plaintiff's land and crops.

Defendant also concedes that in the erecting of his levee or embankment he used quantities of earth from along the side of the section line above mentioned and widened the drainage ditch running along the side of the said section line but testified that the removal of said dirt and the widening of said ditch has not damaged the roadbed of said highway and that the said roadbed is still intact and in his testimony offered to maintain such highway and keep it in proper repair at his own expense.

Defendant offered the testimony of four witnesses, all farmers who are or have been engaged in farming land in the vicinity of the valley of Cache Creek and who have had years of experience in farming overflow land each of whom testified that he was familiar with the location of the land of both parties, has seen and observed the levee or embankment erected by defendant

as above mentioned and described and each testified that in his opinion the erection of said levee or embankment has not and will not cause damage to plaintiff's land or crops. Several of these witnesses testified that they had knowledge of the floods occurring in Cache Creek in the year 1955; that during said floods plaintiff's land was flooded by flood waters from Cache Creek; that his land and crops were to some extent damaged but that in their opinion the flooding of said land was not caused by the levee or embankment erected by defendant; that in their opinion the damage to said land and crops was no greater than it would have been had the levee or embankment never been erected. Each testified that in prior years, prior to the time the levee or embankment was erected by defendant, plaintiff's land was flooded by flood waters from Cache Creek and his land and crops were to a certain extent damaged by said floods. One of the witnesses testified that in a flood occurring in 1951 the water over plaintiff's land was higher and deeper than it was during the floods occurring in 1955.

While the evidence shows that plaintiff's land and crops were damaged to some extent by the floods occurring in 1955 the weight of the evidence in our opinion shows that plaintiff would have suffered the same even though the levee or embankment had never been erected by defendant.

Plaintiff further contends that the opinion evidence given by the lay witnesses above mentioned was incompetent for the reason that the witnesses were not qualified to testify as experts. The record however fails to disclose that plaintiff objected to the competency of witnesses who testified or to the admission of the evidence. In this state of the record this question is not properly before us for consideration.

There are no issues of law here involved. The only question here for consideration is a question of fact as to whether the construction of the levy and embankment by defendant caused damage to plaintiff's land and crops.

The trial court at the close of the evidence by agreement of the parties viewed the premises and after so doing and weighing the evidence found that the evidence was insufficient to show that levee or embankment damaged plaintiff and that plaintiff has failed to establish the allegations contained in his petition and amended petition and upon such finding entered judgment denying the injunction. We cannot say that the judgment is clearly against the weight of the evidence. It will therefore not be disturbed on appeal.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.